**Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000938
26-JAN-2018
08:10 AM**

NO. CAAP-15-0000938
IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


ROBERT D. JOHNSON, JR., as guardian of the person of
MICHAEL A. JOHNSON, an incapacitated adult, Plaintiff-Appellee,
v. RAINBOW REHABILITATION SERVICES, INC., a Hawai'i
corporation, dba RAINBOW HOUSE; JASON J. MOSSHOLDER-BROM,
Defendants-Appellees, and STATE OF HAWAI'I, Defendant-Appellant,
and JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
DOE PARTNERSHIPS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 07-1-1855)


SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Reifurth and Chan, JJ.)

Defendant-Appellant the State of Hawai'i (**State**)

appeals from the November 16, 2015 Final Judgment Following

Remand (**2015 Final Judgment Following Remand**), and challenges the

May 4, 2015 Amended Findings of Fact and Conclusions of Law

Following Remand (**FOFs and COLs Following Remand**), both entered

by the Circuit Court of the First Circuit (**Circuit Court**).[1]

On appeal, the State contends that the Circuit Court

erred in awarding an additional $1,575,806.00 in special damages

---

[1] The Honorable Virginia Lea Crandall presided.

to Plaintiff-Appellee Robert D. Johnson, Jr. (**Johnson**), as co-guardian of M.J., an incapacitated adult.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the State's point of error as follows:

The State argues that the Circuit Court erred in its additional award because it was for a proposed residential psychosexual treatment program, which the State asserts was "to treat a condition the trial court concluded [M.J.] neither had nor was likely to have – a conclusion which the Intermediate Court of Appeals left undisturbed." This argument is without merit.

First, we recognize that, in our May 7, 2013 Amended Memorandum Opinion (**Memo Op**), we concluded that the Circuit Court did not clearly err in finding that "[M.J.] is not now (and not likely to become) a sexual predator." In this subsequent appeal, however, the State seemingly disregards this court's holding that "the uncontradicted evidence that [M.J.'s]'s psychosexual injuries required treatment" and the numerous unchallenged findings and other evidence cited by this court. It is clear from the unchallenged findings before this court on the first appeal, as well as the additional findings by the Circuit Court on remand, as well as the entire evidentiary record before the Circuit Court, that the expert testimony concerning the appropriate treatment for M.J. constituted substantial evidence

in support of the need for residential treatment to prevent M.J. from being further victimized, as well as, *inter alia*:

> Reducing the sexual acting-out behavior and the paraphilic behavior that [M.J.] has been engaging in or is likely to engage in, to improve anger management skills, to improve his relationships with others, particularly by teaching him ways of -- of handling situations that don't require making suicide attempts or threats, and improving his dealings with the environment in -- in that way, learning to -- to modulate his own moods so that he doesn't require other people around to comfort, to soothe himself, and to reduce his dependence.

The State offers no argument and cites no evidence that the residential treatment was not needed to address M.J.'s treatment needs, notwithstanding the Circuit Court's refusal to find M.J. to be, or likely to become, a sexual predator. In addition, neither this court's Memo Op nor the Circuit Court's earlier findings precluded the Circuit Court from finding on remand that there was still a risk (*i.e.*, a less than 50% chance) of M.J. becoming a sexual predator. Indeed, on remand the Circuit Court found:

> 71. According to Dr. Matthews, as a result of being sexually molested by a person of trust [M.J.] was <u>at risk</u> for engaging in behavior as a sexual predator and as a sexual victim himself.

(Emphasis added).

Substantive evidence in the record supports the finding that there was some level of risk that M.J. might engage in predatory behavior. Dr. Darryl B. Matthews (**Dr. Matthews**) testified that as a result of the sexual abuse suffered by M.J., M.J. developed paraphilic interests in violence and sex with teenage boys. Dr. Matthews also testified that M.J. told him that "[M.J.] does not initiate contact with school children when he's hanging out at schools" only because "the people around him

prevent him from doing that." The evidence of this risk and the evidence regarding the other treatment purposes of residential treatment support the Circuit Court's finding that residential treatment was necessary, and the award of additional special damages.

Finally, the award of $1,575,806.00 was reasonably determined from the evidence.

"Special damages are those damages which can be calculated precisely or can be determined . . . with reasonable certainty from the evidence." HI R CIV JURY Instr. 8.2.; see, e.g., Kometani v. Heath, 50 Haw. 89, 95, 431 P.2d 931, 936 (1967) (allowing the jury to consider the reasonable value of future medical expenses reasonably certain to be required was not error where sufficient evidence showed an injury). Here, Dr. Matthews testified that the need for residential treatment was solely caused by the molestation at Rainbow House. Karen Klemme (**Klemme**), a board-certified nurse and life-care planner who worked with Dr. Matthews to create treatment recommendations for M.J., testified that she was familiar with an appropriate residential treatment program called Casa Colina, she had visited the facility, and she had spoken with the vice president regarding the cost of the program. She stated that the program cost was between $900.00 and $1,000.00 per day for the first four to eight years, and with progress the cost might be reduced to $4,500.00 per month. Based on all of the testimony presented, the Circuit Court found that the cost of Casa Colina was reasonable compared to other similar residential facilities,

4

perhaps even more reasonable, and that the total cost of the treatment plan ranged between $1,575,806.00 and $3,046,603.00. The Circuit Court's additional award was based on this evidence and the State presented no evidence of any kind on these issues. Therefore, we conclude that the award of $1,575,806.00 was reasonably determined from the evidence.

For these reasons, the Circuit Court's November 16, 2015 Final Judgment Following Remand is affirmed.

DATED: Honolulu, Hawai'i, January 26, 2018.

On the briefs:

Caron M. Inagaki,
Kendall J. Moser,
Deputy Attorneys General,
for Defendant-Appellant.

James J. Bickerton,
Nathan P. Roehrig,
(Bickerton Dang LLP),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge