FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000478
10-MAY-2018
08:11 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---oOo---

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE
FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN
TRUST, SERIES 2005-2, Plaintiff-Appellee, v.
FELICITAS B. MOORE, Defendant-Appellant, and
PNC BANK, NATIONAL ASSOCIATION, Defendant-Appellee, and
JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; and
DOE GOVERNMENTAL UNITS 1-50, Defendants

NO. CAAP-17-0000478

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0648 (2))

MAY 10, 2018

GINOZA, CHIEF JUDGE, LEONARD AND CHAN, JJ.

OPINION OF THE COURT BY LEONARD, J.

Defendant-Appellant Felicitas B. Moore (**Moore**) appeals
from the Judgment entered on May 22, 2017, in the Circuit Court
of the Second Circuit (**Circuit Court**),[1] in favor of Plaintiff-
Appellee HSBC Bank USA, N.A., as Trustee for Deutsche, Alt-A

---

[1] The Honorable Peter T. Cahill presided.

Securities, Inc. Mortgage Loans Trust, Series 2005-2 (**HSBC Bank**), and against all defendants. Moore also challenges the Circuit Court's Findings of Fact and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure, also entered on May 22, 2017 (**Foreclosure Decree**).

I.    BACKGROUND

On June 3, 2013, HSBC Bank filed a Verified Complaint for Foreclosure (**Complaint**). In the Complaint, HSBC Bank alleged that on December 17, 2004, Moore executed a promissory note in favor of National City Mortgage Co. dba Accubanc Mortgage in the amount of $420,000.00 (**Note**), secured by a mortgage on real property recorded on December 23, 2004 in the Bureau of Conveyances (**Mortgage**). HSBC Bank alleged that National City Mortgage Co. merged with National City Bank effective October 1, 2008, and National City Bank then merged with PNC Bank, N.A., (**PNC Bank**) effective November 6, 2009. HSBC Bank alleged that it was the owner of the Mortgage by virtue of an Assignment of Mortgage recorded in the Bureau of Conveyances on November 7, 2012 (**Assignment of Mortgage**), that it was "entitled to enforce the Note" and Mortgage, and that Moore was in default. The Complaint does not specifically allege that HSBC Bank possessed the Note or reference any indorsements.

However, the Complaint was supported by an attached "Verification of Complaint for Foreclosure" executed on May 22, 2013, by Rodney Carpenter (**Carpenter**), an employee and "Authorized Signer" of PNC Bank, the loan servicing agent for

2

HSBC Bank (**Carpenter's Declaration**), in which Carpenter attested, in relevant part, that "[HSBC Bank] is in possession of the Note. As evidenced by the recorded Mortgage and applicable assignment, [HSBC Bank] is also the mortgagee of record. As such, [HSBC Bank] is the proper plaintiff in this matter."[2] Carpenter also

---

[2] The Carpenter Declaration more fully provides:

1. I have knowledge of and I am competent to testify to the matters stated herein by virtue of my employment for PNC Mortgage, a division of PNC Bank, N.A., the loan servicing agent for Plaintiff HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR DEUTSCHE ALT-A SECURITIES, INC. MORTGAGE LOAN TRUST, SERIES 2005-2 ("Plaintiff"). I have been trained to use and understand the record keeping system utilized for this loan. I know that pursuant to normal business practices, the entries in the business records are made at or near the time of the occurrence by the person with actual knowledge of the occurrence being recorded in the business record. I have also been trained to use and understand the entries in the record and am familiar with the same. My knowledge is based on my review of the business records and files related to the mortgage loan which is the subject of this foreclosure.
2. . . . A true and correct copy of the Indorsed Note is attached as **Exhibit "A"**.
. . . .
5. Plaintiff is in possession of the Note. As evidenced by the recorded Mortgage and applicable assignment, Plaintiff is also the mortgagee of record. As such, [HSBC Bank] is the proper plaintiff in this matter.
. . . .
9. All documents, memoranda, reports and records of data compilation (collectively, "Records of Acts") that are attached as Exhibits "A"-"E" to my [Declaration], as well as all other factual information contained herein, represent records of regularly conducted business activity relating to the subject loan.
10. The Records of Acts were and are made in the course of Plaintiff's and Plaintiff's servicing agent's regularly conducted business activity of mortgage lending and mortgage servicing.
11. All herein referenced Records of Acts were and are made at or near the time of the acts reported. Entries into these records are made by persons having personal knowledge of such event, and are reviewed by me from time to time to ensure accuracy and completeness, and are relied upon by Plaintiff and its servicing agent in the conduct of its business.
12. I am familiar with the referenced Records of Acts, which is used to record and track events and documents by Plaintiff and its servicing agent that are relevant to this loan. These records are routinely made in the ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar.

(continued...)

attested, *inter alia*, that "[a] true and correct copy of the Indorsed Note" was attached as Exhibit A. Notably, there are no indorsement stamps directly on the Note that was attached as Exhibit A. Instead, attached to this copy of the Note is an undated allonge, apparently executed by a representative of PNC Bank, specifically indorsing the Note to HSBC Bank.[3]

Carpenter's Declaration also purported to authenticate other loan documents which were also attached thereto, including a recorded copy of the Mortgage, a recorded copy of the Assignment of Mortgage, payment records for Moore's loan account, and an October 4, 2011 notice of default and of intent to accelerate the loan.

---

[2](...continued)
13. I reviewed the Verified Complaint for Foreclosure prepared by RCO Hawaii, LLLC, including the attached exhibits and I have confirmed the factual accuracy of the allegations set forth therein.
14. I reviewed the notarizations contained in the supporting documents filed with the Verified Complaint for Foreclosure and confirmed the accuracy of the notarizations by examining the notarizations for signs of forgery or tampering and verifying the factual accuracy of the notarized documents using business records.

[3] This allonge reads in pertinent part,

PAY TO THE ORDER OF:

HSBC Bank USA, National Association as Trustee fore [sic] Deutsche Alt-A Securities, Inc., Mortgage Loan Trust, Series 2005-2

WITHOUT RECOURSE:

PNC Bank, National Association, successor in interest to National City Real Estate Services, LLC, successor by merger to National City Mortgage, Inc., formerly known as National City Mortgage Co.

BY: [signature Sharon Lynch]
Name: Sharon Lynch
Title: Authorized Signer

On December 16, 2013, Moore filed an answer denying all allegations in the Complaint. Moore also separately filed her affirmative defenses, asserting among other things that HSBC Bank lacked standing because HSBC Bank had not shown that it owned the Note and was authorized to bring the foreclosure action.

On March 18, 2015, HSBC Bank filed a Motion for Summary Judgment Against all Parties and for Interlocutory Decree of Foreclosure (**Motion for Summary Judgment**). The Motion for Summary Judgment was supported by: (1) a declaration by Jeffrey Moler (**Moler**), an employee and "Authorized Signer" of PNC Bank, (**First Moler Declaration**) which indicated, *inter alia*, that he was the custodian of the exhibits attached to the Carpenter Declaration and Complaint which "remain true and accurate;" and (2) a declaration executed by Andrew R. Tellio (**Tellio**), former counsel for HSBC Bank in this case, which purported to authenticate various documents related to the Mortgage and the mergers of National City Mortgage Co., National City Bank, and PNC Bank. Neither the Note nor any allonges were attached to the Motion for Summary Judgment or these declarations. Also on March 18, 2015, HSBC Bank filed an Affirmation of Attorney pursuant to HRS § 667-17 wherein Tellio affirmed that, *inter alia*, none of HSBC Bank's filings "contain any false statements of fact or law"

and that "[HSBC Bank] has legal standing to bring this foreclosure action" (**Attorney Affirmation**).[4]

On May 26, 2015, Moore filed a memorandum in opposition to the Motion for Summary Judgment asserting that there were genuine issues of material fact as to whether "Carpenter is competent to authenticate Plaintiff's business records, and with respect to whether Plaintiff is the holder of the subject promissory note[.]"

On July 21, 2016, HSBC Bank filed a supplemental memorandum in support of its Motion for Summary Judgment. In support of its argument that HSBC Bank possessed the Note, HSBC Bank attached a declaration of HSBC Bank's counsel, David B. Rosen dated July 20, 2016 (**Rosen Declaration**), and a supplemental declaration by Moler dated June 20, 2016 (**Second Moler Declaration**). The Rosen Declaration provides in relevant part:

---

[4] The Attorney Affirmation, which HSBC Bank does not reference on appeal, provides in pertinent part:

> 1.  I am an attorney duly licensed to practice in the State of Hawaii and am employed by RCO Hawaii, LLLC, the attorneys of record for Plaintiff . . . .
> 2.  I received communication from representatives of Plaintiff regarding this action declaring that the representative (a) personally reviewed Plaintiff's documents and records relating to this case for factual accuracy; and (b) confirmed the factual accuracy of the allegations set forth in the Complaint and any supporting affidavits or affirmations filed with the Court . . . .
> The Statement of Review was prepared by and provided as follows:
>
> | Date | Name | Title |
> |------|------|-------|
> | May 5, 2013 | Rodney Carpenter | Authorized Signer |
>
> 3.  Based upon my communication with representatives of Plaintiffs, and upon my own inspection and other reasonable inquiry under the circumstances, I affirm that to the best of my knowledge, information, and belief, the Summons, Complaint, and other papers filed with the Court in this matter contain no false statements of fact or law and that Plaintiff has legal standing to bring this foreclosure action.

> 3.     I have personally reviewed the original "wet-ink" note dated December 17, 2004 ("Note"), executed by Defendant FELICITAS B. MOORE ("MOORE"). A true and correct copy of the original Note, which I personally reviewed is attached hereto as **Exhibit H**.
>
> 4.     The original wet-ink Note is indorsed in blank. I am in possession of the original wet-ink Note on behalf of Plaintiff, which Plaintiff forwarded to me in response to MOORE's demand to inspect the Note. The original wet-ink Note is currently stored at my office located at . . . .

The Second Moler Declaration provided in pertinent part:

> 1.     I have personal knowledge of and am competent to testify to the matters stated herein by virtue of my employment for PNC Bank, National Association, the mortgage servicer for the Plaintiff HSBC BANK . . . . My personal knowledge is based on my review of the records and files related to the mortgage loan ("Loan") which is the subject of this foreclosure and my knowledge of the regular business practices of PNC Bank . . . .
>
> 2.     . . . . The Note contains an indorsement in blank on page 3. A true and correct copy of the *Note* is attached as **Exhibit A**.
>
> 3.     An outdated copy of the Note, which included a specially indorsed Allonge in favor of Plaintiff, was attached to the Verified Complaint . . . . As mentioned above, the original Note contains a blank indorsement on page 3. As a result, the Allonge to the Note has been removed from the Note.

Unlike the Note that was attached to Carpenter's Declaration, the copy of the Note attached as an exhibit to these declarations contains a blank indorsement stamp on the third and final page as follows:

> Pay to the order of
>
> without recourse in any event
> NATIONAL CITY MORTGAGE CO.
> DBA ACCUBANC MORTGAGE
> BY [signature Elaine C. Gilmer]
> Elaine C. Gilmer, Allocations Coordinator

The Motion for Summary Judgment was heard on February 8, 2017. After brief oral arguments, the Circuit Court stated:

> [P]laintiff has shown it is the holder of the note, it's been endorsed in blank. As Mr. Rosen has represented, which I accept, he's produced the original note for review and inspection by both the defendant and her counsel.
> And so at that point, the burden was upon the defendant to come in with admissible facts demonstrating that the falsity, or at least the alleged falsity of the statements set forth in the declaration, that has not been done. And

> plaintiff is the assignee of the mortgage. All the successor documents have been put into the record and have been acknowledged and verified in an admissible format.
>
>     . . . .
>
>     The appropriate affidavit under HRS 667 has been filed. The record shows there are no material questions of fact in dispute. Defendant has failed to submit anything other than argument.
>     To question <u>the declarations, as well as the production of the original note, plaintiff has shown it has standing</u> to bring the mortgage foreclosure action and is entitled to judgment as a matter law.

(Emphasis added).

On May 22, 2017, the Circuit Court entered its Judgment and Foreclosure Decree. In its Foreclosure Decree, the Circuit Court found, *inter alia*, that HSBC Bank was the holder of the Note.

On June 20, 2017, Moore timely filed a notice of appeal.

## II. POINT OF ERROR ON APPEAL

Moore raises a single point of error, arguing that the Circuit Court erred by granting HSBC Bank's March 18, 2015 Motion for Summary Judgment because HSBC Bank's declaring witness was not qualified to authenticate its business records and failed to meet its burden of demonstrating that it was the holder of the subject note at the time the complaint was filed, as required by the Hawai'i Supreme Court in <u>Bank of America, N.A. v. Reyes-Toledo</u>, 139 Hawai'i 361, 390 P.3d 1248 (2017).

## III. APPLICABLE STANDARD OF REVIEW

"Appellate courts review an award of summary judgment de novo under the same standard applied by the circuit court." <u>Salera v. Caldwell</u>, 137 Hawai'i 409, 415, 375 P.3d 188, 194

(2016) (citation omitted). The Hawaiʻi Supreme Court has articulated that standard as follows:

> Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
>
> This court must review the evidence and inferences in the light most favorable to the non-moving party.

Id. (citation omitted; format altered).

IV. DISCUSSION

Moore's primary contention on appeal is that HSBC Bank did not produce any admissible evidence that it was in possession of the blank-indorsed Note at the time it filed the Complaint.

The Hawaiʻi Supreme Court's decisions in Bank of America, N.A. v. Reyes-Toledo, 139 Hawaiʻi 361, 390 P.3d 1248 (2017), U.S. Bank, N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017), and Wells Fargo Bank, N.A. v. Behrendt, SCAP-16-0000645, 2018 WL 1325153 (Mar. 15, 2018) (designated for publication), are dispositive in this case. We also note that this case is similar to this court's decision in HSBC Bank USA, N.A. v. Yamashita, CAAP-17-0000026, 2017 WL 6048908 (Haw. App. Dec. 7, 2017) (SDO).

In Reyes-Toledo, the supreme court held that the foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. 139 Hawaiʻi at 367-71, 390 P.3d at 1254-58. The supreme court stated, inter alia, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation notice." Id. at 367, 390 P.3d at 1254

(citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). The supreme court explained, "[a] foreclosing plaintiff's burden to prove entitlement to enforce the note overlaps with the requirements of standing in foreclosure actions as 'standing is concerned with whether the parties have the right to bring suit.'" Id. (citation and internal brackets omitted). The supreme court further stated that "[a]s standing relates to the invocation of the court's jurisdiction, it is not surprising that standing must be present at the commencement of the case." Id. at 368, 390 P.3d at 1255 (citation omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise the holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

In Mattos, summary judgment was granted in favor of the foreclosing bank, U.S. Bank. 140 Hawai'i at 29, 398 P.3d at 618. On appeal, one of the issues was whether relevant loan documents had been properly admitted through the declaration of an individual named Richard Work (**Work**), as records of regularly conducted activity under Hawai'i Rules of Evidence (HRE) Rule 803(b)(6). Id. at 28, 30-33, 398 P.3d at 617, 619-22. In his

declaration, Work attested, *inter alia*, that he was a "Contract Management Coordinator" of OCWEN Loan Servicing, LLC (**Ocwen**), the "servicer" for U.S. Bank on the subject loan.  Id. at 30-31, 398 P.3d at 619-20.  Because Work did not attest that he was the custodian of records for either U.S. Bank or Ocwen, the supreme court noted that "the documents attached to his declaration are admissible under the HRE 803(b)(6) hearsay exception only if he is a 'qualified witness' with respect to those documents."  Id. at 32, 398 P.3d at 621.  The supreme court applied its analysis in State v. Fitzwater, 122 Hawai'i 354, 365-66, 227 P.3d 520, 531-32 (2010), and ruled as follows:

> To the extent the ICA ruled that Work's declaration established him as a "qualified witness" with respect to Ocwen's records, we agree. To the extent the ICA opinion concluded that Work met the requirements to be a "qualified witness" with respect to U.S. Bank's records, however, we disagree. Fitzwater addresses situations in which one business receives documents created by another business and includes them in its own records. Work's declaration does not indicate that U.S. Bank's Records were received by Ocwen and incorporated into the Ocwen Records. Work's declaration also does not establish that Work is familiar with the record-keeping system of U.S. Bank. Rather, Work merely states that he has access to and is familiar with U.S. Bank's records. Thus Work's declaration does not satisfy foundational requirements to make him a "qualified witness" for U.S. Bank's records pursuant to Fitzwater.

Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22.

In light of its prior ruling in Reyes-Toledo, the supreme court in Mattos further held that:

> [s]ince [an] allonge was apparently used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.

Id. at 33, 398 P.3d at 622.  Among other infirmities, the supreme court noted that Work did not attest that U.S. Bank possessed both the note and the allonge when the foreclosure complaint was

filed. Id. The supreme court thus ruled that "Work's declaration failed to meet U.S. Bank's burden of establishing facts necessary for a grant of summary judgment." Id.

In Behrendt, the supreme court addressed a substantially similar issue and declaration as in Mattos,[5] this time determining the sufficiency of a declaration of Vanessa Lewis (Lewis), who was also a "contract management coordinator" for Ocwen, the foreclosing bank's (Wells Fargo's) loan-service provider. Behrendt, 2018 WL 1325153 at *2. Because Lewis did not attest that she was the custodian of records for either Wells Fargo or Ocwen, the supreme court again stated that the documents attached to her declaration were admissible under HRE Rule 803(b)(6) only if her declaration demonstrated that she was a "qualified witness." Id. at *7 (citing Mattos, 140 Hawaiʻi at 32, 398 P.3d at 621). In holding that Lewis was not a "qualified witness" under its decision in Mattos, the Behrendt court stated:

> Here, as in Mattos, the Lewis Declaration does not establish that the loan documents were received by Ocwen and then incorporated into Ocwen's records. In addition, although Lewis averred that Ocwen's records relating to the loan were made and maintained in the regular course of Ocwen's business, Lewis asserted only that she had "access to and [was] familiar" with Wells Fargo's records and documents relating to this case. The Lewis Declaration does not establish that Lewis was familiar with Wells Fargo's record-keeping system. It also makes no assertions as to Lewis's familiarity with the record-keeping systems of Funding Group or Option One, which first created the Note and allonges. Thus, the Lewis Declaration satisfies the foundational requirements to make Lewis a qualified witness only with respect to Ocwen's original records about the loan and not any records of Wells Fargo or the loan documents themselves.
>
> The Lewis Declaration also refers only to the Note and not the allonges that Wells Fargo asserts were used to endorse the Note in blank. As noted, the Lewis Declaration

---

[5] The Behrendt court observed that the Lewis and Work declarations were "nearly identical." Behrendt, 2018 WL 1325153 at *7.

does not establish that Lewis was a qualified witness, and thus she could not have satisfied the requirements of HRE Rule 803(b)(6) with respect to the allonges. But, as with the declaration in Mattos, the Lewis Declaration did not attempt to admit the allonges under the business records exception. Thus, even if the Note fell within the bounds of HRE Rule 803(b)(6), the allonges endorsing it in blank did not because the declaration did not provide the requisite foundation. This is to say that the documents purporting to allow Wells Fargo to enforce the Note were not admissible under the business record exception. Since the documents were not admissible as asserted, Wells Fargo did not meet its burden of establishing facts necessary for a grant of summary judgment.

Id. at *8 (citing Mattos, 140 Hawaiʻi at 32-33, 398 P.3d at 621-22).

In Yamashita, this court reviewed the sufficiency of a declaration attached to the foreclosing-bank's (HSBC Bank's) motion for summary judgment. 2017 WL 6048908 at *3-4. The declaration was made by Luann Jones (Jones), an employee of HSBC Bank's "loan-servicing agent," PNC Bank, and is substantially similar to the Carpenter Declaration. In the declaration, Jones attested that PNC Bank possessed the subject note, which was attached to the complaint with an allonge specifically indorsing the note to HSBC Bank. Id. at *3. This court rejected HSBC Bank's argument that Jones's affirmation that "PNC is in possession of the Note" established that HSBC Bank possessed the Note and the allonge under Mattos. Id. This court rejected HSBC Bank's argument that Jones's statement that she was trained to use and understood "the record keeping system utilized for this loan," was sufficient to render her a "qualified witness" as to HSBC Bank's records stating, "[t]his does not appear to satisfy the requirements discussed in Mattos." Id. at *4, n.5. We held that there was no admissible evidence to demonstrate that HSBC Bank was in possession of the subject note and allonge at the

13

time the action was commenced and therefore HSBC Bank failed to meet its burden to show entitlement to summary judgment under Reyes-Toledo, 139 Hawai'i at 370-71, 390 P.3d at 1257-58. Id. at *4.

Here, HSBC Bank maintains that "it was in possession of the Note, and that the Note had been indorsed in blank. HSBC was therefore a holder entitled to enforce the Note at the time it filed its foreclosure Complaint." HSBC Bank relies on the following, filed contemporaneously with the Complaint: (1) the Carpenter Declaration; (2) the Note attached to the Complaint; (3) the Mortgage; and (4) the Assignment of Mortgage. HSBC Bank also relies on the following, filed in relation to its Motion for Summary Judgment: (5) the First Moler Declaration; (6) the Second Moler Declaration; (7) the Rosen Declaration; and (8) the Note indorsed in blank attached to the Rosen and Second Moler Declarations.

However, there is no evidence in the record, including either version of the Note or the declarations and documents relied upon by HSBC Bank on appeal, showing that the blank indorsement on the Note occurred prior to the initiation of the suit. See Reyes-Toledo, 139 Hawai'i at 371, 390 P.3d at 1258.[6] Like the foreclosing bank in Reyes-Toledo, HSBC Bank was granted summary judgment and the Foreclosure Decree was entered based in part on the declaration of HSBC Bank's counsel, David B. Rosen,

_____

[6] In fact, in light of the fact that the Note attached to Carpenter's Declaration did not have the indorsement on the Note, and the Note attached to the Second Moler Declaration did, HSBC's own evidence seems to suggest that the indorsement post-dated the Complaint or, at minimum, creates a genuine issue of material fact.

which attests in part, "I am in possession of the wet-ink Note on behalf of Plaintiff[.]" Even if the Note indorsed in blank were admissible through the Rosen and Second Moler Declarations, neither the Note indorsed in blank nor these declarations show that HSBC Bank possessed the Note indorsed in blank at the initiation of this foreclosure action. See Id., at 370-71, 390 P.3d at 1257-58.

Nor does Carpenter's statement that "[HSBC Bank] is in possession of the Note" show that HSBC Bank possessed the Note indorsed in blank at the time of the filing of the Complaint. Although Carpenter's Declaration was executed just prior to the filing of the Complaint and a copy of the Note was attached, the copy of the Note that Carpenter attempted to authenticate is not indorsed in blank.[7] Carpenter's statement that "[HSBC Bank] is in possession of the Note" also does not establish that HSBC Bank had possession of the allonge specifically indorsing the Note to HSBC Bank at the time the Complaint was filed.[8] See Mattos, 140 Hawaiʻi at 33, 398 P.3d at 622 ("Since the allonge was apparently

---

[7] Because the Carpenter Declaration does not purport to authenticate the Note indorsed in blank, the First Moler Declaration, which purports to verify the documents attached to the Complaint, likewise does not support the proposition that HSBC Bank possessed the Note indorsed in blank when the Complaint was filed.

[8] Carpenter's description of the "Note" in his declaration does not appear to include the allonge which indorses the Note to HSBC Bank. Specifically, Carpenter describes the "Note" as the promissory note executed by Moore and delivered "to National City Mortgage Co dba Accuabanc Mortgage" on December 17, 2004 and makes no mention of an allonge. Although Carpenter states that a "true and correct copy of the Indorsed Note is attached as Exhibit 'A,'" the referenced Note is not itself indorsed and, as discussed infra, was later described by Moler as "outdated." See also Mattos, 140 Hawaiʻi at 33, 398 P.3d at 622 ("Work's declaration refers only to the original note and makes no reference to the allonge. Although Exhibit 1 also contains the allonge, which indorses the note to U.S. Bank, the allonge was never authenticated.")

used to specifically indorse the note to U.S. Bank, admissible evidence was needed to demonstrate that U.S. Bank was in possession of the note and allonge at the time of the filing of this foreclosure complaint for U.S. Bank to be entitled to summary judgment.").

Moreover, according to the Second Moler Declaration, the copy of the Note attached to the Complaint was "outdated" and "the original Note contains a blank indorsement on page 3. As a result, the Allonge to the Note has been removed from the Note." This declaration does not provide any dates for these events. Therefore, it is unclear whether the Note and the allonge attached to the Complaint were "outdated" when the Complaint was filed.

Lastly, regarding the admissibility of the documents attached to Carpenter's Declaration, like in Mattos and Behrendt, Carpenter did not attest that he was the custodian of record for PNC Bank or HSBC Bank, and as explained below, he is not a "qualified witness" for the purposes of admitting HSBC Bank's records into evidence under HRE Rule 803(b)(6), pursuant to the analysis in Mattos and Behrendt. Like the Work declaration in Mattos, the Lewis declaration in Behrendt, and the Jones declaration in Yamashita, Carpenter's Declaration does not indicate that HSBC Bank's records were received by PNC Bank or incorporated into PNC Bank's records. Also similar to the declarations in those cases, Carpenter's Declaration does not establish that he is familiar with the record-keeping system of HSBC Bank, only that "[t]hese records are routinely made in the

16

ordinary course of business in a filing and computer system that I have access to, have been trained to use and understand, and with which I am familiar," and that "I have been trained to use and understand the record keeping system utilized for this loan." In Yamashita, we concluded that identical language was insufficient to establish that the declarant, Jones, was familiar with the record-keeping system of HSBC Bank. See Yamashita, 2017 WL 6048908 at *4, n. 5 ("Jones attests that 'I have been trained to use and understand the record keeping system utilized for this loan.' This does not appear to satisfy the requirements discussed in Mattos.") We reject HSBC Bank's argument that Mattos is factually distinguishable because Carpenter "explicitly states that he is familiar with the record-keeping system used by HSBC," because he did not in fact state that he was familiar with the record-keeping system used by HSBC Bank.

For these reasons, Carpenter is not a "qualified witness" with respect to the admission of HSBC Bank's records. See Mattos, 140 Hawai'i at 32-33, 398 P.3d at 621-22.

We further conclude that the Second Moler Declaration does not provide adequate foundation to admit the Note indorsed in blank under HRE Rule 803(b)(6) for the same reasons as the Carpenter Declaration. Moler, an employee of PNC Bank, did not attest that he is the custodian of record for PNC Bank or HSBC Bank, that PNC Bank incorporated HSBC Bank's records into its own, or that he had any personal knowledge of HSBC Bank's record-keeping system. Rather, the Second Moler Declaration states that Moler's personal knowledge is based on his "review of the records

and files related to the mortgage loan" and based on "my knowledge of the regular business practices of PNC Bank[.]" Moreover, like the Rosen Declaration, the Second Moler Declaration does not indicate that HSBC Bank possessed the Note indorsed in blank at the time HSBC Bank filed its Complaint. Therefore, even if the Note indorsed in blank were admissible through the Second Moler Declaration, this evidence is not sufficient to establish standing. See Reyes-Toledo, 139 Hawai'i at 370-71, 390 P.3d at 1257-58.

We also reject HSBC Bank's remaining argument that the Mortgage and Assignment of Mortgage, executed prior to the filing of the Complaint, are evidence that HSBC Bank possessed the Note indorsed in blank prior to the filing of the Complaint. Similar arguments have been rejected by the supreme court. See id. at 371, n.17, 390 P.3d at 1258, n.17 ("An assignment of the Mortgage to Bank of America prior to the commencement of the action would not be sufficient to establish standing as an injury to the plaintiff in the foreclosure proceeding, which is premised on the default under the note. Although the security follows the debt, the debt does not automatically follow the security.").

We conclude, viewing the facts and inferences in the light most favorable to Moore, as we must for purposes of a summary judgment ruling, that there is a genuine issue of material fact as to whether HSBC Bank was entitled to enforce the subject note at the time this foreclosure action was commenced. Therefore, the Circuit Court erred in granting HSBC Bank's Motion for Summary Judgment.

V.    CONCLUSION

For the foregoing reasons, we vacate the Circuit Court's Foreclosure Decree and Judgment, both entered May 22, 2017, and remand this case to the Circuit Court for further proceedings.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
for Defendant-Appellant.

Jade Lynn Ching,
Ryan B. Kasten,
(Nakashima Ching LLC),
for Plaintiff-Appellee.