Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000806
21-NOV-2018
07:47 AM

NO. CAAP-16-0000806

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

PENNYMAC CORP., Plaintiff-Appellee, v.
ELISE SARI TRAVIS and BRUCE ROBERT TRAVIS,
Defendants-Appellants, and
WAILEA COMMUNITY ASSOCIATION and WAILEA KIALOA
HOMESITES ASSOCIATION, Defendants-Appellees,
and DOES 1 through 20, inclusive, Defendants
and
WAILEA KIALOA HOMESITES ASSOCIATION,
Cross-Claimant, v.
ELISE SARI TRAVIS, Individually and as
Trustee under the ELISE S. TRAVIS TRUST DATED
NOVEMBER 5, 1990 and BRUCE ROBERT TRAVIS,
Cross-Claim Defendants

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0527(1))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Reifurth, JJ.)

Defendants-Appellants Elise S. Travis and Bruce R.

Travis (the **Travises**) appeal from the Judgment entered on October

12, 2016 (**Judgment**), in favor of Plaintiff-Appellee PennyMac

Corp. (**PennyMac**) and against the Travises, by the Circuit Court

of the Second Circuit (**Circuit Court**).[1] The Travises also

challenge the Circuit Court's October 12, 2016 Findings of Fact

---

[1] The Honorable Rhonda I.L. Loo presided.

and Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment and for Interlocutory Decree of Foreclosure (**Foreclosure Decree**).

On appeal, the Travises assert a single point of error, contending that the Circuit Court erred in granting summary judgment when there were material issues of fact in genuine dispute centered around whether the original plaintiff herein, JPMorgan Chase Bank, N.A. (**Chase**), and thus PennyMac, had standing to file and to prosecute a foreclosure action against the Travises.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the Travises' point of error as follows:

The Travises argue, on various grounds, that the lender-plaintiffs failed to establish standing to bring this foreclosure action. We conclude that the Hawai'i Supreme Court's opinion in Bank of America, N.A. v. Reyes-Toledo, 139 Hawai'i 361, 390 P.3d 1248 (2017), is dispositive.

In Reyes-Toledo, the supreme court held that in order to establish a right to foreclose, the foreclosing plaintiff must establish standing or entitlement to enforce the subject note at the time the action was commenced. 139 Hawai'i at 367-71, 390 P.3d at 1254-58. The supreme court stated, *inter alia*, that a foreclosing plaintiff must typically "prove the existence of an agreement, the terms of the agreement, a default by the mortgagor under the terms of the agreement, and giving of the cancellation

notice." Id. at 367, 390 P.3d at 1254 (citing Bank of Honolulu, N.A. v. Anderson, 3 Haw. App. 545, 551, 654 P.2d 1370, 1375 (1982)). Furthermore, "[a] foreclosing plaintiff must also prove its entitlement to enforce the note and mortgage." Id. (citations omitted). In concluding that the foreclosing bank failed to satisfy its burden as the movant for summary judgment, the court reasoned, "[a]lthough Bank of America produced evidence that it possessed the blank-indorsed Note at the time it sought summary judgment, a material question of fact exists as to whether Bank of America possessed the Note, or was otherwise the holder, at the time it brought the foreclosure action." Id. at 370, 390 P.3d at 1257.

Here, PennyMac was required to establish through admissible evidence that the original plaintiff, Chase, had standing when it initiated this action. See, e.g., US Bank Trust, N.A. v. Schranz, CAAP-17-0000519, 2018 WL 3134507, *2 (Haw. App. Jun. 27, 2018) (SDO). In its motion for summary judgment, PennyMac cited the Declaration of PennyMac Loan Services, LLC's (**PennyMac Loan Servicer**) Default Specialist, Jeffrey Gutierrez (**Gutierrez**), to support its assertion that "[s]ubsequent to the Travises' execution of the Note, Washington Mutual properly negotiated the Note by indorsing it in blank, and transferred possession of the original Note to [PennyMac]."[2] The motion further asserted that PennyMac "is currently in possession

---

[2] The Gutierrez Declaration does not support this assertion, as it instead states that "[o]n or about March 7, 2016, [PennyMac Loan Servicer] sent the original 'wetink' Note to [PennyMac]'s counsel to hold on behalf of [PennyMac] and present for inspection, if requested."

of the original, wet-ink Note, which is available for inspection," citing the Declaration of PennyMac's attorney, David P. Rosen (**Rosen**). Significantly, neither of these declarations attested that Chase had possession of the Note when it filed the Complaint and thus neither established Chase's standing to initiate this foreclosure action under Reyes-Toledo.[3] See Schranz, 2018 WL 3134507 at *2.

PennyMac argues that this case is factually distinguishable from Reyes-Toledo because "other evidence in the record" (specifically, the sworn testimony of an assistant director with the FDIC) establishes that the Note was "necessarily indorsed" prior to Washington Mutual's closure on September 25, 2008, and that immediately thereafter "all of [its] loans went to . . . Chase." However, the date of the indorsement or purported acquisition of the loan by Chase in September 2008 would not establish Chase's standing to bring this action as, under Reyes-Toledo, the evidence must affirmatively establish Chase's possession of the blank-indorsed Note at the time the Complaint was filed on May 23, 2012. See Reyes-Toledo, 139 Hawaiʻi at 370, 390 P.3d at 1257.

PennyMac also submits that "possession of the Note was maintained by Chase," and that "Chase was therefore the holder of the Note at the time the foreclosure proceedings were commenced." However, PennyMac's bald assertion that possession of the Note

---

[3]     Given that neither of these declarations state that Chase had possession of the Note at the time the Complaint was filed, we need not address whether the declarations are sufficient for admitting the pertinent records under U.S. Bank N.A. v. Mattos, 140 Hawaiʻi 26, 398 P.3d 615 (2017), and Wells Fargo Bank, N.A. v. Behrendt, 142 Hawaiʻi 37, 414 P.3d 89 (2018). See Schranz, 2018 WL 3134507, at *2 n.2.

was maintained by Chase until and at the time of the filing of this suit is not supported by the cited testimony, the Gutierrez and Rosen declarations, the Note itself, or any other evidence in the record.[4] Thus, viewing the evidence in the light most favorable to the Travises, there is a genuine issue of material fact as to whether Chase was entitled to enforce the Note, and thus had standing, at the time the Complaint was filed. PennyMac has therefore failed to meet its burden of demonstrating that it was entitled to judgment as a matter of law and we conclude that the Circuit Court erred in granting summary judgment. See Reyes-Toledo, 139 Hawai'i at 371, 390 P.3d at 1258; Schranz, 2018 WL 3134507, at *3.

For these reasons, we vacate the Circuit Court's Foreclosure Decree and Judgment, both entered on October 12, 2016, and remand this case for further proceedings.

DATED: Honolulu, Hawai'i, November 21, 2018.

On the briefs:

Gary Victor Dubin,
Frederick J. Arensmeyer,
(Dubin Law Offices),
for Defendants-Appellants.

Patricia J. McHenry,
Allison Mizuo Lee,
Frank Cioffi
(Cades Schutte),
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[4]     Indeed, PennyMac's brief merely cites to a copy of the Note attached to the unverified Complaint as support for the assertion that Chase maintained possession of the Note. See Behrendt, 142 Hawai'i at 40, 46, 414 P.3d at 90, 96 (holding that a copy of the note attached to the complaint is insufficient to establish standing, absent "properly admitted evidence" that plaintiff was in possession of the note at the time of filing); HSBC Bank USA, Nat'l Ass'n v. Moore, 142 Hawai'i 344, 346, 350, 418 P.3d 1200, 1202, 1206 (App. 2018) (same).